## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (this "Agreement") is entered into between Chrishana Burks, for herself and her heirs, successors and assigns (the "Employee"), and Tomo Hibachi Restaurant and Lounge, LLC and Velmir Lucic. (the "Employer").

1.  Employee has asserted claims in case 1:19-CV-02652 in the United States District Court for the Northern District of Ohio (the "Action") against Employer for alleged violations of the Fair Labor Standards Act and R.C. §4112.01 et seq, and other laws seeking alleged unpaid overtime compensation, economic damages, liquidated damages, emotional distress damages, attorneys' fees and costs.

2.  Employer denies liability or wrongdoing of any kind and maintains that Employee was paid for all overtime, was fully and properly compensated for all hours worked, and was not treated differently based on gender, race, or national origin nor was she subjected to hostile work environment.

3.  Solely due to a desire not to incur the fees, costs and associated disruption occasioned by litigation, Employee and Employer (the "Parties"), by and through their respective counsel, have reached a binding agreement to settle Employee's claims and to resolve the Action and any and all other disputes between them, on the terms set forth in this Agreement.

## SETTLEMENT PAYMENTS AND DISTRIBUTION

4.  **Payment to Employee**: Employer will provide Employee with a payment in the gross amount of Five Thousand Seven Hundred Sixty-Two Dollars ($5,762.00), and Employer will report this amount on a Form 1099 referencing Employee's Social Security Number.

5.  **Employee's Counsel's Attorneys' Fees and Costs**: Employer will provide Employee's counsel with a payment in the amount of Four Thousand Two Hundred Thirty-Eight Dollars ($4,238.00) as reimbursement for attorneys' fees and expenses. Employer will report this amount on a Form 1099 referencing the Taxpayer Identification Number on the W-9 form to be provided by Plaintiff's Counsel.

6.  **Distribution Process**: Employer will provide the payments described above to Employee's Counsel no later than February 4, 2020.

## RELEASE OF CLAIMS

7.  **Mutual Release of Claims**: The Employee hereby releases Employer and owners, officers, members, employees and their successors and assigns (collectively the "Released Parties") from all claims that she now has or ever had up to the date of her execution of this Agreement against any of them, including but not limited to all claims asserted in the Action and all claims for improper payment, wrongful discharge, retaliation, discrimination, harassment, and any other claims relating in any manner to her former employment with Employer or the cessation of such employment, as well as any federal and state wage-and-hour claims, rights, demands, liabilities and causes of action,

including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act or any other statute or regulation through the date of Employee's execution of this Agreement. The only claims excluded from this release are claims which cannot be released as a matter of law, including Workers' Compensation claims. Employee has an active Workers' Compensation claim and nothing in this Agreement affects Employee's claim in anyway.

The Employer hereby releases Employee from all claims that Employer now has or ever had up to the date of the execution of this Agreement against her, with the exception of claims which cannot be released as a matter of law.

8. **Acknowledgment of Full Payment:** Employee agrees that amounts paid to her hereunder represent full compensation for any and all back pay, wages (whether overtime or otherwise), bonuses, vacation pay, front pay, damages (whether liquidated, compensatory, exemplary, punitive or otherwise), benefits, attorneys' fees, costs, interest, or other monies to which Employee may now be, or may ever have been, entitled to receive or recover in connection with Employee's former employment with Employer.

9. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the settlement is fair, adequate and reasonable.

10. **Dismissal of the Pending Action/No Future Claims:** The Parties agree to secure the court's approval of this agreement and, upon securing such approval, to dismiss the Action, with prejudice, each party to bear its own costs, with the court retaining jurisdiction to enforce this Agreement. Except as prohibited by law, Employee promises never to file or pursue or accept relief in connection with any claim that has been released in paragraph 7 of this Agreement.

11. **Employment/Reference Requests:** Employee releases and waives any claim or right to reinstatement or future employment by Employer and agrees that she will not request, seek, apply for, or accept employment or re-employment with Employer at any time in the future. Should Employer acquire, through merger, acquisition or any other means, a business that Employee is employed with, Employee is not required to resign nor will Employee be terminated based on this provision. If contacted for an employment reference regarding Employee, Employer will disclose Employee's former job title and her dates of employment.

## OTHER TERMS

12. **Mutual Confidentiality:** As a condition of payment of the amounts described herein, the Parties agree to maintain the confidentiality of all terms of this Agreement to anyone other than their counsel, their immediate family and their tax advisor, from whom they shall be required to secure a binding agreement to honor this confidentiality provision prior to disclosure. Notwithstanding the foregoing, the Parties and their counsel may disclose the terms of this Agreement to the court to secure the dismissal of the Action, and the Parties and their counsel may make other disclosures if required to enforce this Agreement or as required pursuant to applicable laws, regulations, or orders of courts or agencies of competent jurisdiction.

13. **Mutual Non-Disparagement:** As a condition of payment of the amounts described herein, the Parties agree that neither party shall disparage the other in anyway. Employee agrees that she will not make any disparaging statements regarding Employer or its officers, directors or employees. Employer also agrees that they will not make any disparaging statements regarding Employee, and that any request for information from a prospective employer of Employee will be answered with neutral information regarding her dates of employment and position(s) held. Should someone ask about the Action, the Parties shall reply that it has been resolved to mutual satisfaction.

14. **Acknowledgements:** Employee warrants and acknowledges that she is legally competent to execute this Agreement and she is executing this Agreement voluntarily and with full knowledge and understanding of its contents after consulting with counsel of her choosing.

15. **Counterparts:** This Agreement may be executed in counterparts, and may be signed electronically in .pdf format. A facsimile or electronic copy of any Party's signature shall be deemed as legally binding as the original signatures.

16. **Participation by Counsel:** The Parties recognize and agree that counsel for Employee and counsel for the Employer have cooperated in the drafting of this Agreement, and that it should not be interpreted or construed against or in favor of any party by virtue of the identity, interests or affiliation of its preparer.

17. **Severability:** The Parties agree that the terms of this Agreement are intended to be severable. If any term, provision, clause or item of this Agreement is declared to be invalid or unenforceable by any court or administrative body of competent jurisdiction, the term, provision, clause or item should be reformed (if possible, or severed if not) to give maximum effect to the intentions of the Parties, and the remaining portions of the Agreement shall be enforced to give effect to the Parties' intentions to the maximum extent possible.

18. **Entire Agreement:** The Parties agree that this Agreement is the entire Agreement between them and represent their full and complete understanding. No prior or contemporaneous oral agreements may be offered to alter the terms of this Agreement. This Agreement shall be binding upon the Parties hereto and the Parties' heirs, executors, successors and assigns. This Agreement may not be amended, modified or terminated, in whole or in part, except by a written instrument executed by both of the Parties.

**WHEREFORE,** the undersigned assert that they have read the foregoing Settlement Agreement and Release of Claims and declare that they have consulted with counsel and fully understand this Agreement and its legal significance and voluntarily enter into it.

Date: _____

_____
Chrishana Burks

Date: _____

_____
Tina M. Scibona, Esq.
Counsel for Plaintiff

Date: _____

_/s/ for Tomo_
Tomo Hibachi Restaurant and Lounge, LLC

By: _Valentina Lucic_

Title: _Member_

Date: _____

_/s/_
Velmir Lucic

Date: _____

_/s/ Gino Zavarella_
Gino Zavarella, Esq.
Counsel for Defendants

4

**WHEREFORE,** the undersigned assert that they have read the foregoing Settlement Agreement and Release of Claims and declare that they have consulted with counsel and fully understand this Agreement and its legal significance and voluntarily enter into it.

Date: 01-31-2020

_____
Chrishana Burks

Date: _____

_____
Tina M. Scibona, Esq.
Counsel for Plaintiff

Date: _____

_____
Tomo Hibachi Restaurant and Lounge, LLC

By: _____

Title: _____

Date: _____

_____
Velmir Lucic

Date: _____

_____
Gino Zavarella, Esq.
Counsel for Defendants

4